UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No.: 2:12-CR-019 |
| | ) |
| MARGO PONDETTA GRAY | ) |

### MEMORANDUM AND ORDER

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 197], which has been rendered moot by a supplemental motion filed by counsel [doc. 200]. Through counsel, the defendant seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded [doc. 203], deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's motion will be granted in part.

I. Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1) (2014). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II.    Factual Background

By judgment dated August 16, 2012, this court sentenced the defendant to a term of imprisonment of 152 months as to Count One (conspiracy to distribute and possess with the intent to distribute cocaine base). The defendant's *advisory* guideline range was 121 to 151 months, based on a total offense level of 29 and a criminal history category of IV. However, the statute of conviction required a 240-month mandatory minimum sentence. The defendant's guideline range thereby became 240 to 240 months.

Prior to sentencing, the United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 which the court granted in

---

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

3

imposing the 152-month sentence, a reduction of 37 percent from the bottom of the restricted guideline range. The United States subsequently filed a motion for further reduction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The court granted that motion and reduced the defendant's sentence to 136 months, for a cumulative reduction of 43 percent from the bottom of the restricted guideline range. According to the Bureau of Prisons, the defendant is presently scheduled for release on December 31, 2021.

### III. Analysis

Applying Amendment 782, the defendant's new advisory guideline range is 100 to 125 months, based on a total offense level of 27 and a criminal history category of IV. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Applying U.S.S.G § 1B1.10(c), a corresponding 3553(e) and Rule 35(b) departure may be applied without regard to the mandatory minimum sentence.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, her post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the court finds that the defendant should be granted a sentence reduction, but not to the extent requested.

4

In her motion, the defendant asks for a reduced sentence of 63 months, which would be a 37 percent substantial assistance reduction from the bottom of the amended guideline range. The defendant does not, however, consider the prior Rule 35 motion granted by the court. Taking that relief into account, a comparable cumulative substantial assistance reduction from the bottom of the new guideline range would result in a sentence of 57 months, which would be 43 percent below the bottom of amended guideline range and 76 percent below the bottom of the original restricted guideline range. For the following reasons, the court concludes that a 57-month sentence would simply be too low.

On the date of her original sentencing in this drug conspiracy, the defendant's criminal history included a single conviction for assault along with multiple controlled substance and theft convictions. Subsequently, in April 2014, the defendant was sentenced in state court to a net term of imprisonment of eight years on charges including aggravated kidnapping (three counts), aggravated burglary, assault, and aggravated assault (two counts) – all of which occurred during a home invasion, the purpose of which was to steal drugs. The state sentence was imposed to run concurrent with the instant federal imprisonment. These state offenses are very much a continuation of the conduct that made up the defendant's criminal history score on the date this court sentenced her, but the defendant's present criminal history now gives the court greater pause.

The court is also concerned that in November 2014 the defendant declined to participate in Bureau of Prisons drug treatment. That decision is particularly alarming because the instant case involves the distribution of numerous controlled substances and because the defendant has a serious history of substance abuse. Her post-sentencing refusal to participate in drug treatment suggests that she may well remain a danger to the public.

Conversely, the court has again reviewed the nature and extent of the defendant's assistance to the government [docs. 102, 163]. Without question, that assistance was comprehensive and significant. Additionally, the defendant has no disciplinary history while incarcerated and she has completed some educational classes.

For all these reasons, the court concludes that the defendant is entitled to a further reduction of her sentence, but not to a degree 76 percent below the original guideline range. A 57-month sentence would result in unwarranted disparity with other defendants of similar criminal histories and substantial assistance levels. Instead, the court will exercise its discretion and reduce the defendant's post-Rule 35 total offense level by two, from 30 to 28. With a criminal history category of IV, the court will impose a reduced sentence at the bottom of the resulting range of 110 to 137 months.

**IV.  Conclusion**

For the reasons stated herein, the defendant's *pro se* motion [doc. 197] is **DENIED AS MOOT**, and the defendant's motion filed through counsel [doc. 200] is

**GRANTED IN PART**. The defendant's term of imprisonment is reduced to **110 months**.

Except as provided above, all provisions of the judgment dated August 16, 2012, shall remain in effect. **The effective date of this order is November 2, 2015**. *See id.* § 1B1.10(e)(1).

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge